UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00184-GNS-HBB

NIRANGTAR LLC                                                                              PLAINTIFF
d/b/a RED ROOF INN CAVE CITY

v.

NAVIGATORS SPECIALTY INSURANCE COMPANY                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motions in Limine (DN 68, 70). The motions are ripe for adjudication.

### I.     BACKGROUND

Plaintiff Nirangtar LLC (d/b/a Red Roof Inn Cave City) ("Red Roof") alleges that a storm caused damage to its property. (Compl. ¶ 5, DN 1-1). At the time of the loss, Red Roof had an insurance policy with Defendant Navigators Specialty Insurance Company ("Navigators"). (Compl. ¶ 7). Claiming Navigators has refused to pay for the storm damage repairs as required by the policy, Red Roof filed this suit. (Compl. ¶ 15).

### II.     JURISDICTION

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441(b).

### III.     STANDARD OF REVIEW

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor*

*Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 (1984)). The purpose of a motion in limine is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). "It is often difficult to resolve evidentiary objections outside the context of trial, and Courts will exclude evidence on a motion in limine only when the challenged evidence is clearly inadmissible." *Lotz v. Steak N Shake, Inc.*, No. 5:19-277-DCR, 2021 WL 2270353, at *1 (E.D. Ky. June 3, 2021) (citations omitted). "Unless the evidence meets this high standard, 'rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). Rulings on motions in limine are preliminary and entirely based on the discretion of the district court, which can later change its rulings. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

### IV.   DISCUSSION

#### A.   Defendant's Motions in Limine (DN 68)

##### 1.   *Hearsay Testimony*

Navigators moves to exclude all evidence and testimony that consists of hearsay under the Federal Rules of Evidence. (Def.'s Mot. Lim. 1, DN 68); *see* Fed. R. Evid. 801(c). Red Roof objects in part. (Pl.'s Resp. Def.'s Mot. Lim. 1). Red Roof acknowledges that hearsay is generally inadmissible, but correctly notes that the Federal Rules of Evidence provide exceptions to the hearsay rule. Fed. R. Evid. 802-04, 807. Of course, both parties are expected to comply with the Federal Rules of Evidence. *Brown v. TG Auto. Sealing Ky., LLC*, No. 5:22-CV-00026-GNS-LLK, 2024 WL 3656218, at *3 (W.D. Ky. Aug. 2, 2024) (citing *A.Hak Indus. Servs. BV Techcorr USA,*

*LLC, Techcorr USA Mgmt., LLC v. A.Hak Indus. Servs. B.V.*, No. 3:11-CV-74, 2014 WL 12591696, at *2 (N.D.W. Va. Dec. 18, 2014) ("[C]ourts have denied motions in limine as improper when they merely seek an order requiring the parties to comply with court rules or the law . . . .")).

Navigators also contends that certain fact witnesses—namely Rodney Vanlandingham ("Vanlandingham") and perhaps Dennis Kurttila ("Kurttila")—may attempt to offer improper hearsay testimony. (Def.'s Mot. Lim. 2). Red Roof argues that Navigators is attempting to make an untimely *Daubert* motion pointing out that although Kurttila was initially listed as a fact witness, he has been subsequently identified as an expert witness. (Pl.'s Resp. Def.'s Mot. Lim. 1, 5). Accordingly, Red Roof has disclosed Kurttila's expert report, and he has been deposed. (Pl.'s Resp. Def.'s Mot. Lim. 1). Red Roof describes Vanlandingham as its "factual expert witness," having listed him in its expert witness disclosure and asserted that he was not required to provide an expert report under Fed. R. Civ. P. 26(a)(2)(c). (Pl.'s Resp. Def.'s Mot. Lim. 3; Pl.'s Expert Witness Disclosure 1, DN 77-1).

Per this Court's order, all *Daubert* motions were due by June 27, 2025. (Order 1, DN 41). This Court denied Navigators' motion to exclude Kurttila's expert testimony. (Mem. Op. & Order 12, DN 58). Navigators did not move to exclude Vanlandingham's expert testimony. Thus, both Kurttila and Vanlandingham may offer their expert opinions at trial. An expert may rely on hearsay in forming opinions, and that hearsay may only be presented to the jury "if [its] probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703. Accordingly, Navigators' motion is denied.

    **2.** *Separate Witnesses*

Navigators moves the Court to order separation of witnesses at all trial proceedings. (Def.'s Mot. Lim. 2). Red Roof does not object. (Pl.'s Resp. Def.'s Mot. Lim. 5). Federal Rule

of Evidence 615(a) requires a court to exclude witnesses from the courtroom if a party requests exclusion. Fed. R. Evid. 615(a). This motion is therefore granted, and all witnesses shall be excluded from the courtroom.

### 3. *"Reptile Theory" Tactics*

Navigators moves the Court to prohibit counsel from utilizing "Reptile Theory" tactics, which it defines as follows:

> [T]he "Reptile" theory attempts to utilize emotions, such as fear and anger, to impart upon the jury to award damages without regard to legal standards of care or violations of same. By doing so, a jury's emotional appeal is influenced by portraying a defendant as a dangerous "threat" to the jury's community and aims to bypass logical valuations of fact in favor of an emotional response. This is often achieved by establishing broad and vague "community" standards of care that are not grounded in any applicable law.

(Def.'s Mot. Lim. 2-3). Red Roof does not object, so long as Navigators is also prevented from using these same inappropriate tactics. (Pl.'s Resp. Def.'s Mot. Lim. 5). This motion is therefore granted.

### 4. *Evidence/Witnesses not Properly or Timely Disclosed*

Navigators moves the Court to exclude any exhibits and witnesses that were not timely and properly disclosed. (Def.'s Mot. Lim. 3-4). Red Roof does not object. (Pl.'s Resp. Def.'s Mot. Lim. 6). This motion is granted on this basis and will be applicable to both parties.

### 5. *"Golden Rule" or Sympathy Appeals*

Navigators moves the Court to preclude counsel from making arguments designed to elicit sympathy that is not based on evidence presented at the trial, such as encouraging jurors to "put themselves in the Plaintiff's shoes." (Def.'s Mot. Lim. 4). Red Roof does not object to the preclusion of golden rule appeals but does object to the preclusion of all sympathy appeals. (Pl.'s Resp. Def.'s Mot. Lim. 6). Red Roof argues that Navigators' motion is speculative because it has

not identified any specific proscribed comments.  (Pl.'s Resp. Def.'s Mot. Lim. 6).  "A motion in limine may be denied for being vague and overbroad." *Clark v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:17-CV-00419-GNS-CHL, 2025 WL 3641582, at *3 (W.D. Ky. Dec. 16, 2025) (quoting *McCoy v. Kazi*, No. 08-CV-07244-SJO-CWX, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010)).  Accordingly, this motion is granted in part and denied in part; "Golden Rule" appeals will be precluded, and Navigators may object to any other similar arguments at trial.

### 6.     *Discussion of Other Lawsuits or Claims*

Navigators moves for exclusion of any evidence or reference to other lawsuits or insurance claims against Navigators.  (Def.'s Mot. Lim. 4).  Navigators argues that this evidence is not relevant and constitutes inadmissible character evidence.  (Def.'s Mot. Lim. 4); Fed. R. Evid. 404(b).  Red Roof does not object.[1]  (Pl.'s Resp. Def.'s Mot. Lim. 6).  The motion is granted on this basis.

### 7.     *Discussion of Settlement*

Navigators moves the Court to prohibit mention of settlement negotiations that occurred after the commencement of litigation.  (Def.'s Mot. Lim. 5); Fed. R. Evid. 408.  Red Roof does not object.  (Pl.'s Resp. Def.'s Mot. Lim. 7).  This motion is granted on that basis.

### 8.     *Inappropriate Pleas to Passion and Prejudice*

Navigators moves the Court to prevent parties, witnesses, or counsel from making excessive improper pleas to passion or prejudice.  (Def.'s Mot. Lim. 5).  Red Roof objects to the

---

[1] Red Roof does object "to the portion of the motion requesting that Plaintiff cannot introduce evidence 'that Defendant acted unfairly in this matter or should have handled this claim differently.'" (Pl.'s Resp. Def.'s Mot. Lim. 6).  The full sentence from Navigators' motion, however, reads: "Plaintiff may seek to introduce evidence about insurance claims handling *in other cases or other claims* to demonstrate 'that Defendant acted unfairly in this matter or should have handled this claim differently." (Def.'s Mot. Lim. 4. (emphasis added)).  Navigators does not request that Red Roof be prevented from offering any evidence of its actions in *this* case.

5

motion as speculative because Navigators has not identified any expected inappropriate pleas. (Pl.'s Resp. Def.'s Mot. Lim. 7). Because the motion is vague, it is denied, but the parties may raise any objection at trial. *See Clark*, 2025 WL 3641582, at *3 (quoting *McCoy*, 2010 WL 11465179, at *12).

### 9. *Discussion of any Party's Financial Standing*

Navigators moves the Court to preclude discussion of the financial status of either party, or family members of a party, because it is irrelevant and prejudicial. (Def.'s Mot. Lim. 5-6). Red Roof does not object. (Pl.'s Resp. Def.'s Mot. Lim. 7). This motion is therefore granted.

### 10. *Testimony of Rodney Vanlandingham*

Navigators moves the Court to limit the testimony of Vanlandingham, a lay witness, to his personal knowledge, preventing him from offering improper opinion testimony. (Def.'s Mot. Lim. 6-7). Red Roof reasserts the arguments noted above. (Pl.'s Resp. Def.'s Mot. Lim. 7). As stated above, because Red Roof timely disclosed Vanlandingham as an expert, Navigators may not prevent him from offering expert opinions through a motion in limine. Accordingly, this motion is denied.

### 11. *Exclusion of Exhibits Unless Authenticated*

Navigators moves for the exclusion of certain photographs unless they are properly authenticated. (Def.'s Mot. Lim. 7-8). As stated above, both parties are expected to comply with the Federal Rules of Evidence, so the motion is denied on this basis. *Brown*, 2024 WL 3656218, at *3 (citation omitted).

### B. **Defendant's Motion in Limine (DN 70)**

Navigators moves the Court to preclude Red Roof from offering any evidence, testimony, or argument about insurance claims handling. (Def.'s 2d Mot. Lim. 1-2, DN 70). Red Roof

6

"agrees that evidence or testimony attempting to elicit evidence of bad faith or unfair claims handling should be excluded," but argues that it should be able to introduce "factual evidence or testimony regarding the timeline of the claims process at issue." (Pl.'s Resp. Def.'s 2d Mot. Lim. 1).

By agreement of the parties, Red Roof's bad faith claims were bifurcated and related discovery was stayed pending resolution of this breach of contract claim. (Def.'s 2d Mot. Lim. 1-2). Thus, any evidence of bad faith is irrelevant at this stage, so it shall be excluded. *See* Fed. R. Evid. 403. Some evidence regarding Navigators' handling of Red Roof's claim may be relevant, however, to the extent that it supports Red Roof's breach of contract claim. For example, Red Roof argues it may need to present evidence related to Navigators' denial of its claim and its resulting damages. (Pl.'s Resp. Def.'s 2d Mot. Lim. 1-2). The relevance and unfair prejudice of such evidence will be determined at trial. This motion is therefore granted in part and denied in part.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motions in Limine (DN 68, 70) are **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Judge
United States District Court
January 23, 2026

cc:   counsel of record